Cohen, J.
This is an action to recover for use and occupation of a certain tenement for two months beginning with July 15,. 1938. It is agreed that the defendant occupied during that period and did not pay to the plaintiff for such occupation. The sole question is whether the plaintiff was entitled to such payment.
On April 16, 1938, ¡the plaintiff, as holder of a second mortgage on the building of which the occupied premises formed a part, made entry upon the mortgaged premises for breach of condition of said mortgage and thereupon notified the tenants to pay rent to him. This defendant recognized such notice and paid rent to the plaintiff for the period up to July 15, 1938. There was a prior mortgage upon said premises which had been given by one Brown to the Exchange Trust Company, which had duly assigned such prior first mortgage to the Exchange Mortgage Loan Company (hereinafter referred to as “Loan Company”), *166 which assignment was duly recorded. On December 1, 1933, the Loan Company borrowed monies from the Reconstruction Finance Corporation, which loan was evidenced by a collateral form of promissory note signed by the Loan Company and payable to the Reconstruction Finance Corporation, and as security for the payment of which there were pledged a large number of mortgages, including the said first mortgage, and at the same time the said first mortgage was by proper instrument assigned by the Loan Company to the payee of said collateral note, which assignment was never recorded. On June 28, 1938, the Loan Company made entry upon the mortgaged premises for breach of condition of said first mortgage and notified the defendant to pay rent thereafter to the Loan Company, which notice was complied with by the defendant as of and from July 15, 1938. At the time of said entry of June 28, 1938, the said first mortgage had not been reassigned to the Loan Company. Such reassignment was made on July 14,1938, at which date there were also delivered to the Loan Company the said first mortgage and the mortgage note, and the assignment of mortgage from the Loan Company to the Reconstruction Finance Corporation. No entry for breach of condition of said first mortgage was made by the Loan Company subsequent to the entry of June 28, 1938. The plaintiff contends that the Loan Company was not the owner of the first mortgage on June 28, 1938 when it made its entry and that therefore such entry was invalid as against the rights of this plaintiff, and that the invalidity of that entry was not cured by the subsequent assignment to the Loan Company of said first mortgage on July 14, 1938 and therefore the plaintiff is entitled to recover. At the close of the trial, the plaintiff duly filed requests for rulings, many of which were granted and some of which, hereinafter referred to, were denied. The trial *167 judge found as a fact that the assignment of mortgage from the Loan Company to the Reconstruction Finance Corporation “was not to be operative unless the pledged conditions were broken”, and further found that those conditions were not broken and that the transaction “amounted to a pledge of securities” and found for the defendant.
The plaintiff says that the underlying question of law is whether, where a mortgagee has pledged the mortgage and the note thereby secured as collateral security for the payment of a note of the mortgagee and has assigned to the pledgee the said mortgage, such mortgagee may exercise the rights of the mortgagee as fixed by the mortgage deed before a reassignment to the pledgor has been made. This is not an accurate statement of the legal question involved. That statement should be qualified by the words “under the circumstances and agreements existing in the case at bar.” It seems unnecessary to set forth at length the difference in each instance between the facts attending the many cases cited by the plaintiff and the facts which control in the instant case. It is to be noted that in the collateral note signed by the Loan Company, it is expressly stated that the Loan Company “shall take all necessary steps to administer, supervise, preserve, protect and realize upon all collateral,” and then further expressly exempts the payee of the collateral note from any obligation in that respect. The express power thus given to the Loan Company makes inapplicable the cases cited by the plaintiff, which cases discuss or decide the rights of a mortgagee and of a pledgee to foreclose a pledged mortgage where there is a default by the mortgagor. It is further to be noted that the promissory note provides for an acceleration of the maturity of the note if the Loan Company fails “duly to account” for the proceeds of any of the collateral which may come “into the control of the” Loan Company. From *168 this, it may be inferred that the parties contemplated that such proceeds would come into the control of the pledgor by reason of the authority later given in the note to the pledgor to “realize” upon the collateral. There is nothing in the language of the note which says that the action of the pledgor to realize upon the collateral, in accordance with the power given to the pledgor by the terms of the note, shall be by action taken in the name of the pledgee. In this connection, it is to be noted that it has been held in this Commonwealth that a pledge of a mortgage as security for the payment of a debt, where such pledge is accompanied by an assignment absolute in form and running to the pledgee, is in effect a mortgage of the pledged mortgage. See Coffin v. Loring, 9 Allen 154. We are of opinion that under the terms of this particular pledge, as such terms are set forth in the collateral note of the Loan Company, the latter had the right, in its own name, to- make the entry of June 28, 1938, and to make demand upon the defendant and receive payment of rent from the defendant, as above set forth. In any event, such entry would be good as against all persons, except the pledgee and those claiming under it. In the instant case, not only did the pledgee not object, but the evidence showed a memorandum by the pledgee that foreclosure of the Brown mortgage had been authorized and the pledgee did reassign the Brown mortgage to the Loan Company prior to the period for which rent was demanded of the defendant by the Loan Company.
The report claimed by the plaintiff to the refusal of the Court to grant- certain of its requests is based upon the theory that there was no evidence that warranted the Court in finding as facts that the assignment of mortgage by the Loan Company was not to be operative unless the pledged conditions, were broken and further that the transactions *169 amounted to a pledge of securities. Even if there were no evidence which warranted a finding, as the trial judge did find, that the assignment of mortgage was not to become operative unless the conditions of the pledge were broken, the plaintiff was not harmed by such a finding and there would be no prejudicial error in refusing the requests which the trial judge did refuse. On the admitted material facts as shown by the report, we are of opinion, as above stated, that the Loan Company had the right to make its entry and demand and was entitled to payment for use and occupation for the period for which the plaintiff sues.
Report dismissed.